(99 App. Div. 603.)

MONIGAN v. ERIE R. CO.

(Supreme Court, Appellate Division, Second Department. December 15, 1904.)

1. PLEADING—JOINDER OF CAUSES—ELECTION.

Though the complaint in an action for wrongful death of an employé alleges a cause of action in form as at common law, and also as under the employers' liability act, plaintiff will not be required to elect before the time for trial on which cause of action he will rely.

2. INJURIES TO EMPLOYÉ—CUMULATIVE REMEDY.

The employé's common-law right of action against the employer for negligence was not abolished by the enactment of the employer's liability act, but the new remedy is cumulative; the allegations in support of either remedy being the same, except that of the service of notice within 120 days to bring the case within the latter act.

Action for personal injuries resulting in death by Mary J. Monigan, as administratrix of the estate of Frank J. Loven, deceased, against the Erie Railroad Company. Heard on motion by defendant to strike out an amended complaint. Motion denied.

The opinion at Special Term, per Lambert, J., is as follows:

The plaintiff's intestate was a fireman upon an operating locomotive of defendant. An explosion occurred, and this action is sought to be maintained to recover damages. The complaint was served, setting up the alleged facts sufficient, in form, to recover at common law. Issue was joined. Thereafter, and within the time, as matter of right, an amended complaint was served, alleging, in form, an action at common law and one under the employers' liability act. This motion is by the defendant to strike out the amended complaint because of plaintiff's election, or that she be compelled to elect which of the two causes of action alleged she will abide by upon the trial.

The right of recovery for negligence was a common-law action, but extended by statute to a recovery in case of death. It may be said, therefore, that the action is founded on the Constitution and statutes. Since the decisions in Rosin v. Lidgerwood Mfg. Co., 89 App. Div. 245, 86 N. Y. Supp. 49, and Gmaehle v. Rosenberg, 178 N. Y. 147, 70 N. E. 411, it seems to be settled that the plaintiff has two remedies growing out of the same occurrences. The

---

¶ 2. See Master and Servant, vol. 34, Cent. Dig. § 805.

old remedy was not abolished by the enactment of the employers' liability act, and the new remedy is cumulative. The allegations tendered in support of either remedy are the same, except the allegation of the service of notice within the 120 days to bring the case within the liability act. The two remedies arising from the same occurrences, the allegations being the same substantially, it may be assumed that the proof must quadrate therewith; hence no evidence will be required in support of one remedy over the other, except the formal proof of the service of the 120-days notice.

The purpose of the present practice is to so situate the parties as to prevent surprise on the trial. In the absence of injury to the defendant, I think, if an election is to be required, that the trial judge can best exercise this right of discretion.

Motion denied, without costs. The defendant may have ten days after the entry and service of the order herein.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Bacon & Merritt, for the motion.
Thomas & Watts, opposed.

PER CURIAM. Order affirmed, with $10 costs and disbursements, upon the opinion of Lambert, J., at Special Term.